### WHITTMORE et al. v. MALCOMSON.*

#### (Circuit Court, S. D. New York. September, 1885.)

GAMING—SPECULATIVE TRANSACTIONS—SHORT STOCK SALE—BROKER'S RIGHTS.
   Where defendant directed plaintiffs, who were stockbrokers, to sell certain stocks short for him, and afterward directed them to purchase the same stocks to fill the sale contracts, which they did, plaintiffs were entitled to recover the amounts so paid out or the balance remaining due thereon, even though the original short sales were intended as merely a wagering transaction, and no deliveries were contemplated; the indebtedness having arisen out of the subsequent purchases, to cover which it was clearly defendant's right to make at his election.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 24, Gaming, §§ 73–75.]

At Law. On motion for new trial on the minutes.

Richard B. Whittmore and Thomas O. Hill, stockholders in the city of New York, in partnership as Whittmore & Co., sued A. Bell Malcomson, Jr., for a balance claimed to be due on account of certain transactions in stocks. At the trial the plaintiff had a verdict, and defendant made this motion on the minutes of the trial justice for a new trial. Further material facts appear in the opinion.

John H. Parsons, for the motion.
B. F. Dos Passos, opposed.

WHEELER, District Judge. The plaintiffs are stockbrokers. The defendant speculated in stock through them. In the latter part of the transactions he directed them to sell certain stocks short for him, but put up no margins. Their testimony tended to show that they kept memoranda of the sales and of the persons to whom sold, but not of the persons for whom sold, in making the sales; that by the defendant's direction they purchased and paid for some stock, and paid another firm for some bought, and reported to them to be paid for by his direction, to cover his sales. The defendant's testimony tended to show that in entering upon these transactions it was understood that the differences were to be adjusted and paid between them according to the market price of the stocks, without any actual sales or purchases. This

---

*This case has been heretofore reported in 16 Abb. N. C. 303, and is now published in this series, so as to include therein all Circuit and District Court cases elsewhere reported which have been inadvertently omitted from the Federal Reporter or the Federal Cases.

action is brought to recover the balance of amounts paid and commissions.

The defendant requested the court to charge the jury that, if the parties did not intend and agree that the stocks were to be delivered, but the real intent was to speculate in the rise and fall of prices and pay differences, the contract was void. The court charged the jury that, if the defendant procured the plaintiffs to sell stocks for him for future delivery, and, recognizing his obligation to furnish the stocks, he directed the plaintiffs to purchase the stocks for him, or directed the other firm to purchase the stocks and report the purchase to plaintiffs for payment, and the plaintiffs did pay for the stock for him pursuant to his directions, they would be entitled to recover the amount so paid, but that, if there were not such transactions, and the plaintiffs did not actually pay out the money for him, they would not be entitled to recover, and the judge did not otherwise comply with the defendant's request. The defendant moves for a new trial because of these rulings, and because, as he alleges, the verdict is against the effect of the evidence.

It is not doubted that the defendant's request embodies a correct proposition of law. Still it is not understood to be the duty of the court to lay down every such proposition that may be requested pertaining to the subject of the trial, but only to properly submit the issue raised to the jury for determination. The plaintiffs claimed to recover for money paid for the defendant at his request, and for commissions upon the transactions. No question is specially made about the commissions. Even if the sale of the stocks short by the plaintiffs for the defendant, without selling them to any particular person for him, was as between him and the plaintiffs so far a wager upon the prices which the stocks would bear as to be illegal and not binding upon him to furnish the stocks, still he would have the right and might feel morally bound to furnish the stocks; and, if so, there would be nothing unlawful in his purchasing stocks to furnish, either himself or by others. If he should buy them on credit, he could not defend an action for the price on account of the purpose for which he wanted them; neither could he defend an action for the money paid if he procured others to buy and pay for them. The question raised in this case was whether the plaintiffs did actually pay the money for the defendant by his direction. This question was submitted to the jury with express instructions to return a verdict for the defendant if they did not so pay the money. The payment of the money was not connected with any adjustment of differences on a wagering contract, or other illegality, to taint it. And the verdict appears to rest upon warrantable evidence. The plaintiffs testified that they actually paid the money at defendant's direction. The defendant, while he testified that they were merely to adjust differences in the beginning, did not positively deny giving an order by telephone for the purchase of some of the stock. One of the plaintiffs on cross-examination did say that they were to adjust differences; but whether the differences were between amounts paid and received, or between present and future prices, was not explained. When called to the question as to whether there was or not any arrangement to merely adjust

the differences between present and future prices of stock treated as if sold, he distinctly denies that there was.

Upon this review of the trial it appears that the proper issue was submitted to the jury upon evidence sufficient to sustain the verdict found upon the responsibility of the jury.

Motion for new trial denied, and stay of proceedings vacated.'